IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 10/13/15
TIME: 1:34 PM
INITIALS: JPH

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

       Criminal No.  15-cr-20205-SHL

DEMARCUS SMITH,

       Defendant.

## PLEA AGREEMENT

(1)     I, Demarcus Smith, have been charged with three (3) felony counts in the above-referenced criminal indictment.

I have been charged in Count 1 with violation of Title 18, United States Code, Section 2422(b), coercion and enticement of a minor. The maximum penalty for a violation of Section 2422(b), as charged, is a fine of not more than $250,000, and a term of incarceration of not less than ten (10) years to life, plus a period of supervised release for any term of years, not less than five (5) years, to life.

I have been charged in Count 2 with violation of Title 18, United States Code, Section 2251(a), production of material involving the sexual exploitation of minors. The maximum penalty for a violation of Section 2251(a), as charged, is a fine of not more than $250,000, and a term of incarceration of not less than fifteen (15) years to not more than thirty (30) years, plus a period of supervised release for any term of years, not less than five (5) years, to life.

I have been charged in Count 3 with violation of Title 18, United States Code, Section 2252(a)(2), receipt of material involving the sexual exploitation of minors. The maximum penalty for a violation of Section 2252(a)(2), as charged, is a fine of not more than $250,000, and a term of incarceration of not less than five (5) years to not more than twenty (20) years, plus a period of supervised release for any term of years, not less than five (5) years, to life.

Fees may be imposed to pay for incarceration or supervised release.  There is a $100 special assessment per felony count of conviction.  The United States is also

Smith, Demarcus, plea agreement, ctd.

seeking forfeiture of the devices set forth in the indictment that also contain material involving the sexual exploitation of minors.

(2)     I understand that the United States Attorney for the Western District of Tennessee and my defense counsel have entered into a plea negotiation of which I am fully aware and understand.  This agreement, tendered to my attorney on October 9, 2015, is the product of the negotiations.

(3)     My attorney, Blake Ballin, who has been retained to represent me, has informed me of the nature of these criminal charges and the elements of the charge, each of which must be proved by the government beyond a reasonable doubt before I could be found guilty as charged.

(4)     By voluntarily pleading guilty, I knowingly waive and give up my constitutional right to plead not guilty, to compel the government to prove my guilt beyond a reasonable doubt, to not be compelled to incriminate myself, to confront and cross-examine the witnesses against me, to have a jury or judge determine my guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case.

(5)     I am pleading guilty to the charge described herein because I am guilty and because it is in my best interest to do so, and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.  I understand that the matter of sentencing is within the sole discretion of the Court.   I have discussed sentencing with my attorney.

**I understand the plea agreement in this case to be as follows:**

(6)     I will enter a plea of guilty to Count 3 of the above-referenced indictment, charging me with the felony violation listed herein above.

(7)     I understand that this is a plea agreement pursuant to Rule 11(c)(1)(C), and that there is an agreed-upon sentence of imprisonment of eighty-five months (85) months, to be followed by a period of supervised release to be determined by the Court. I understand that the Court may accept or reject the terms of this plea agreement immediately, or may postpone its decision until the Court has had the opportunity to review a presentence investigation report.   I further understand that, if the Court rejects the terms of this plea agreement, I will be given the opportunity to withdraw my plea of guilty herein.

(8)     At sentencing, following the entry of my plea of guilty to Count 3 and my full

2

Smith, Demarcus, plea agreement, ctd.

compliance with the terms of this plea agreement, the United States agrees to dismiss Counts 1 and 2 of the above-referenced indictment in which I am charged.

(9)     I understand that any term of incarceration will be followed by a term of supervised release of not less than five (5) years and up to life.   I agree that as an explicit condition of my supervised release, that because I have been convicted of a qualifying felony sex offense and as a result of that conviction I am required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) and the laws of the State of Tennessee, that I will comply with those requirements.

(10)     I understand that the United States will ask this court to impose as a special condition of supervised release, that I am to submit my person, property, house, residence, vehicles, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of my supervised release or any unlawful conduct on my part, and also by any probation officer in the lawful discharge of the officer's supervision functions.   The Court's authority to impose this condition is set forth at Title 18, United States Code, Sections 3583(d) and 3563(b)(23).

(11)     I understand that, given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose my receiving acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1.   I understand that if the United States receives information between the signing of this agreement and the time of the sentencing that I have previously engaged in, or if I engage in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change.   Further, I understand that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the Court.   Failure of the Court to grant acceptance of responsibility credit is not a basis for me to withdraw my guilty plea.

(12)     I understand that Title 18, United States Code, Section 3742 gives me the right to appeal the sentence imposed by the Court.   Acknowledging this, I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is in accord with this Agreement. This waiver is made in exchange for the concessions made by the United States in this plea agreement.   The waiver in this paragraph does not apply to claims relating directly to this waiver of appellate rights or to its negotiation that also involve the involuntariness of my plea, prosecutorial misconduct, or ineffective assistance of counsel.

Smith, Demarcus, plea agreement, ctd.

(13)   I understand that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my rights to file an action pursuant to Section 2255 with one exception: I retain my right to file any claim for ineffective assistance of counsel or prosecutorial misconduct.

(14)   I understand that persons convicted of crimes are required to pay a mandatory assessment of $100 per felony count of conviction.   I agree that payment of this assessment, in full, is a condition of this agreement.   I understand that payment should be made at the time of sentencing.

(15)   I am relinquishing any and all rights I have or had to the digital devices related to this case.   I consent to forfeiture of these devices and their destruction.

(16)   I understand that this agreement does not apply to any crimes that I may have committed (other than those specifically set forth herein), or that I may commit hereafter, including perjury.

(17)   I understand that the prosecution will be free to fully describe the nature of these offenses and the evidence in this case.

(18)   I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the count of the Indictment to which I am pleading guilty.

(19)   I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

(20)   I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty.   I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

(21)   I can read and write, and I have read and discussed the terms of the foregoing plea agreement with my attorney, Blake Ballin, and am satisfied with my attorney and his advice and counsel.   Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

4

Smith, Demarcus, plea agreement, ctd.

10-13-15
_____
**DATE SIGNED**

_____
**DEMARCUS SMITH**
**Defendant**

10-13-15
_____
**DATE SIGNED**

_____
**BLAKE BALLIN**
**Attorney for Defendant**

10-13-15
_____
**DATE SIGNED**

_____
**DEBRA L. IRELAND**
**Assistant United States Attorney**
**U.S. Attorney's Office**

5